UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RAYMOND ZONG,
                  Plaintiff,            :

                                     :

                                       :       CIVIL ACTION
                  v.                  :       No. 2:13-cv-03256-JLS

                                         :

MERRILL LYNCH, PIERCE, FENNER &amp;      :

SMITH INCORPORATED,                      :
                              Defendant.      :

## ORDER

**AND NOW**, this _____ day of _____, 2014, upon consideration

of Defendant Merrill Lynch, Pierce, Fenner &amp; Smith Incorporated's ("Merrill Lynch") *Motion to*

*Enforce Settlement* and Plaintiff Raymond Zong's response thereto, it is hereby **ORDERED** and

**DECREED** that Defendant's motion is **GRANTED** as follows:

        1.   Defendant shall pay to Plaintiff the amount agreed upon by the parties on the record

during the June 23, 2014 Settlement Conference before the undersigned, the transcript of which

was filed under seal;

        2.   Upon receipt of the settlement proceeds by Plaintiff, the terms of the Agreement,

which the parties also assented to on the record, shall be given the full force and effect of law;

and

        3.   Upon receipt of the settlement proceeds by Plaintiff, this matter shall be

**DISMISSED WITH PREJUDICE.**

                                              **BY THE COURT:**

                                            _____
                                            Honorable Richard A. Lloret
                                            United States Magistrate Judge

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAYMOND ZONG, | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION |
| v. | : | No. 2:13-cv-03256-JLS |
| | : | |
| MERRILL LYNCH, PIERCE, FENNER & | : | |
| SMITH INCORPORATED, | : | |
| Defendant. | : | |

## MERRILL LYNCH'S MOTION TO ENFORCE SETTLEMENT

Defendant Merrill Lynch, Pierce, Fenner & Smith Incorporated ("Merrill Lynch"), by and through undersigned counsel, hereby moves the Court for an Order, in the form proposed, enforcing the Settlement Agreement (the "Agreement") entered into by and between Merrill Lynch and Plaintiff Raymond Zong ("Zong") during the June 23, 2014 settlement conference before United States Magistrate Judge Richard A. Lloret.

In support of the instant *Motion to Enforce*, Merrill Lynch respectfully directs the Court to the supporting *Memorandum of Law* filed herewith, which provides the legal grounds upon which Merrill Lynch seeks to enforce the Agreement between the parties.

**WHEREFORE**, Merrill Lynch respectfully requests an Order, in the form proposed, enforcing the Agreement entered into between the parties during the June 23, 2014 settlement conference.

Dated: June 30, 2014                     Respectfully submitted,


                                         _____/s/ Karen P. Gaster_____
                                         Karen P. Gaster, Esquire (PA ID No. 90988)
                                         Michael P. Avila, Esquire (PA ID No. 311348)
                                         RUBIN, FORTUNATO & HARBISON P.C.
                                         10 South Leopard Road, Paoli, PA  19301
                                         Tel. (610) 408-2017/2035
                                         Attorneys for Defendant

## CERTIFICATE OF SERVICE

I, Karen P. Gaster, Esquire, hereby certify that a true and correct copy of the foregoing

*Motion to Enforce* and accompanying *Memorandum of law* and *Proposed Order* were served via

the Court's electronic filing system as follows:

Andrew D. Cotlar, Esquire
Law Offices of Cotlar & Cotlar
23 West Court Street
Doylestown, PA 18901

*Attorney for Plaintiff Raymond Zong*

Dated:  June 30, 2014                    _____/s/ Karen P. Gaster_____
                                              Karen P. Gaster, Esq.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | | |
|---|---|---|---|
| RAYMOND ZONG, | | : | |
| | Plaintiff, | : | |
| | | : | CIVIL ACTION |
| | v. | : | No. 2:13-cv-03256-JLS |
| | | : | |
| MERRILL LYNCH, PIERCE, FENNER & | | : | |
| SMITH INCORPORATED, | | : | |
| | Defendant. | : | |

MEMORANDUM OF LAW IN SUPPORT OF
MERRILL LYNCH'S MOTION TO ENFORCE SETTLEMENT

## I.   INTRODUCTION

On June 23, 2014, the parties and their respective legal counsel attended a settlement conference before United States Magistrate Judge Lloret. As a result of Judge Lloret's efforts, the parties agreed upon the material terms of a settlement on the record. Indeed, Judge Lloret entered the terms of the settlement on the record, confirming the parties' acquiescence to each specific detail.

Now, Zong is attempting to renege on the valid and enforceable General Release and Agreement (the "Agreement") entered into before the Court. In support of this untoward action, Zong, armed only with paranoid accusations, claims that he was misled into settling this matter, despite Judge Lloret's painstaking efforts to explain each detail of the Agreement to him in a neutral fashion.

Notwithstanding Zong's paranoia, he is bound by the terms of the Agreement as a matter of law. Consequently, Merrill Lynch seeks an Order, in the form proposed, enforcing the terms of the Agreement and bringing a final conclusion to this matter.

## II.   FACTUAL BACKGROUND

On May 27, 2014, Zong and Merrill Lynch reached a settlement, in principle. Merrill Lynch forwarded to Zong a proposed Agreement, which reflected the agreed-upon terms.[1] On May 31, 2014, Zong's counsel notified Merrill Lynch that Zong was refusing to sign the Agreement because he did not want (i) taxes withheld from the settlement; (ii) to release his second EEOC Charge of Discrimination for retaliation (even though he has never pursued such a claim); and (iii) to release any classwide claims (even though he is not a member to any class action). Therefore, at the suggestion of Judge Schmehl, the parties agreed to a settlement conference before Judge Lloret, which was scheduled for June 23, 2014.

On June 23, 2014, the parties appeared at the settlement conference before Judge Lloret. Zong was represented by his counsel, Andrew Cotlar. For the first time, Zong raised a new concern about the proposed Agreement – namely, that he did not want to agree to the reemployment provision. Upon information and belief, Judge Lloret spent approximately two hours explaining each term of the settlement and each term's impact on Zong. Judge Lloret also explained that Merrill Lynch's proposed settlement agreement contained routine provisions, which were acceptable by the Court.

Nonetheless, Zong demanded an increased settlement payment. During the settlement conference, the parties negotiated a new settlement, including an increased settlement payment. Merrill Lynch agreed to this increased payment solely to reduce its litigation costs.

Following the agreement, the parties went over each detail of the settlement "off the record" to ensure that Zong understood the terms. Zong agreed to each of the terms of the settlement, but, once again, complained about the reemployment provision. Merrill Lynch

---

[1]   Zong has had more than twenty-one (21) days to review the terms of Merrill Lynch's proposed settlement in accordance with the Older Worker's Benefit Protection Act of 1990.

agreed to modify the language to assuage his concerns. Thus, Merrill Lynch had agreed to every term that Zong had requested, including the increased settlement payment and a modification of the reemployment provision.

Judge Lloret proceeded to enter the material terms of the Agreement on the record.[2] Those material terms included (i) the amount of the settlement; (ii) that the terms of the Agreement were confidential; (iii) that Zong would agree not to seek employment at Merrill Lynch; (iv) a global release of any and all claims that Zong could assert against Merrill Lynch; and (v) that Zong would be dismissing, with prejudice, the instant action and the pending EEOC Charge of Discrimination. On the record, Zong agreed to each of these terms. Moreover, Judge Lloret went through painstaking detail to ensure that Zong was entering the Agreement with full knowledge and understanding of each of the terms. Zong further acknowledged, on the record, that he was knowingly and voluntarily entering the Agreement. Judge Lloret also explained to Zong that he (i) had every right to not accept the terms; (ii) could obtain new counsel; and (iii) could proceed with his claims if he did not wish to enter the settlement. On the record, Zong acknowledged his rights and agreed to all of the terms of the Agreement.

Following the June 23, 2014 settlement conference, Merrill Lynch provided Zong with the revised Agreement, which reflected the same terms that Zong agreed to "on the record." On June 25, 2014, Zong notified Merrill Lynch that he would not sign the Agreement despite having already agreed to all of its terms. Zong then sent an *ex parte* communication to the Court stating that he was misled about the status of the pending EEOC Charge of Discrimination and that he was seeking to renegotiate a settlement. His claim is absurd as counsel and the Court explained the status of that Charge and the impact of the settlement on that Charge. Moreover, Merrill Lynch has an enforceable settlement and will not agree to any further negotiations.

---

[2]  Merrill Lynch has not yet obtained a copy of the transcript, which was filed under seal.

On June 23, 2014, Zong had agreed to all materials terms of the settlement. Therefore, Merrill Lynch has an enforceable settlement, which is binding on Zong. Accordingly, Merrill Lynch respectfully requests that the Court grant this *Motion* and enforce the settlement agreement.

## III.    LEGAL ARGUMENT

Merrill Lynch is entitled to the finality appurtenant to its binding Agreement with Zong regardless of whether Zong executes a formal written contract because the parties orally agreed to the material terms of the Agreement. As a threshold matter, the Court has jurisdiction to enforce settlement agreements entered into by parties in a case pending before it. Ballato v. General Electric, 147 F.R.D. 95, 97 (E.D. Pa. 1993). This jurisdiction is grounded in the policy that favors the amicable resolution of disputes and the avoidance of costly and time-consuming litigation. Pugh v. Super Fresh Food Markets Inc., 640 F. Supp. 1306, 1307 (E.D. Pa. 1986). As a further consequence of this policy, "[a]n agreement to settle a lawsuit, voluntarily entered into, is binding upon the parties, whether or not made in the presence of the court, and even in the absence of a writing." Green v. John H. Lewis & Co., 436 F.2d 389, 390 (3d Cir. 1970).

Indeed, the law within the Third Circuit is clear: when parties agree on the essential terms of an agreement, "a contract is formed even though they intend to adopt a formal document with additional terms at a later date." Capek v. Mendelson, 821 F. Supp. 351, 357 (E.D. Pa. 1993). Further, "[e]ven if a party has a change of heart between the time he agreed to the terms of the settlement and when the terms were reduced to writing, the settlement agreement is still binding." Gross v. Penn Mut. Life Ins. Co., 396 F. Supp. 373, 374 (E.D. Pa. 1975); see also Bailey v. City of Phila., No. 00-5002, 2002 U.S. Dist. LEXIS 11529 (E.D. Pa. Feb. 19, 2002) (holding same).

4

In Bailey, a former employee brought discrimination claims against his employer in connection with the termination of his employment. 2002 U.S. Dist. LEXIS 11529 at *2-4. There, as here, the parties presented for a judicial settlement conference, which resulted in an oral agreement to settle the case. Id. Indeed, the former employee was personally present and assented to the essential terms of the settlement reached, including the language of the release agreement. Id. at *4. However, thereafter, the former employee refused to execute the settlement agreement. Id. Consequently, the former employer filed a motion to enforce the settlement, which was granted by the Court. Id. at *11.

In granting the former employer's motion to enforce, the court opined that the former employee was "[b]ound by the settlement agreement, even if he refuse[d] to sign it, because he orally consented to it before the undersigned." Id. at *10. Consequently, the court entered an Order enforcing each element of the detailed settlement agreement that the former employee orally agreed to but refused to sign. Id. at *11-20.

Here, no question exists that Zong agreed to the terms of settlement that Merrill Lynch now seeks to enforce. He was personally present at the settlement conference and the Court exercised a wealth of patience to explain the parties' respective positions and the terms of settlement to him. Simply put, Zong received all information necessary to fully understand the Agreement and, acting on this information, he assented to the Agreement on the record. Further, his assent to the Agreement came after a substantial series of negotiations concerning both the settlement proceeds and the terms of the Agreement, itself. Consequently, the Agreement between the parties is final and enforceable as a matter of law.

## IV.    CONCLUSION

For all of the foregoing reasons, Merrill Lynch respectfully requests that the Court enter an Order enforcing the terms of the parties Agreement and, upon Merrill Lynch's compliance with those terms, dismissing this matter, with prejudice.

Dated: June 30, 2014                          Respectfully submitted,


                                              _____/s/ Karen P. Gaster_____
                                              Karen P. Gaster, Esquire (PA ID No. 90988)
                                              Michael P. Avila, Esquire (PA ID No. 311348)
                                              RUBIN, FORTUNATO & HARBISON P.C.
                                              10 South Leopard Road, Paoli, PA  19301
                                              Tel. (610) 408-2017/2035
                                              Attorneys for Defendant