UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAYMOND ZONG, <br>                  Plaintiff, <br><br> v. <br><br> MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED, <br>                  Defendant. | CIVIL ACTION <br> No. 2:13-cv-03256-JLS |

## MERRILL LYNCH'S REPLY BRIEF
## IN SUPPORT OF ITS MOTION TO ENFORCE SETTLEMENT

**I.   INTRODUCTION**

Defendant Merrill Lynch, Pierce, Fenner & Smith Incorporated ("Merrill Lynch") hereby submits this *Reply Brief* in further support its *Motion to Enforce Settlement* ("*Motion*") and to address several inaccuracies stated in *Plaintiff Raymond Zong's Response to Defendant Merrill Lynch's Motion to Enforce Settlement Agreement* ("*Response*"). In his *Response*, Zong raises two issues to oppose Merrill Lynch's *Motion*: (i) that his former attorney, Andrew Cotlar, misinformed him about the status of a pending EEOC Charge of Discrimination; and (ii) that he claims he had a right to revoke the entire settlement due to a revocation clause contained in the proposed written agreement. Both arguments are misinformed and meritless.

**II.  ARGUMENT**

    **A.   Zong Was Fully Apprised of the Status of His Pending EEOC Charge.**

Zong's claims concerning the pending EEOC Charge of Discrimination ("Charge")[1] is a distinction without a difference. By way of background, Zong had filed two separate EEOC

---

[1] In the *Response*, Zong claims that Merrill Lynch's *Motion* made a false statement by describing the pending retaliation claim as a "Charge of Discrimination." Zong is mistaken as all claims, including retaliation claims, are

Charges against Merrill Lynch and both asserted retaliation. See Exhibit "A." When Zong filed the instant action, he did not assert a retaliation claim and no retaliation claim has been asserted against Merrill Lynch in court.[2]

Nonetheless, at the settlement conference, Zong readily acknowledged and understood that he was releasing any and all claims (whether pending or closed) that he could have asserted up to the date of the settlement conference. See Transcript of July 23, 2014 hearing at 4.[3] Indeed, during the "off the record" discussion concerning the settlement terms, counsel for Merrill Lynch explained that, as a condition of the settlement, Zong would be releasing his pending retaliation claim.[4] Counsel for Merrill Lynch further explained that, although Zong was releasing his right to contribution from any pending retaliation claim, given that the claim was pending, the EEOC ultimately retained the right to further investigate or close the claim. Thus, Zong was fully apprised of and knew exactly the rights he was giving up prior to accepting the terms of the settlement. Accordingly, as Zong fully understood the rights he was waiving at the time he knowingly accepted the terms of the settlement, Merrill Lynch respectfully requests that the Court enforce the settlement.

### B. Zong Cannot Revoke the Settlement.

Zong's second argument is likewise meritless because Zong is now seeking to enforce the terms of the written agreement he refused to execute. Specifically, in the *Response*, Zong is claiming that, because he had the right to revoke the written agreement, the June 23, 2014

---

filed with the EEOC on a "Charge of Discrimination." See Charges of Discrimination attached hereto as Exhibit "A."
[2] Indeed, Zong has foreclosed his right to pursue any retaliation claim asserted in the first Charge due to his failure to pursue those claims within 90 days of his Right to Sue.
[3] The transcript was filed under seal and, therefore, will not be attached to this *Motion*.
[4] See Zong's *Response* at Ex. "A."

2

agreement reached at the settlement conference was "revocable." *Response* at 1. Zong's argument is problematic for several reasons.

First, during the June 23, 2014 settlement conference, Zong did not request, and the record does not reflect that Zong wished to retain, the right to a seven day revocation period. That provision is contained only in the written agreement that Zong refused to execute. Thus, because that provision was not agreed upon and Zong did not execute the written settlement agreement, he cannot now attempt to exercise that revocation period to oppose Merrill Lynch's *Motion*.

Second, the revocation provision applies only to Zong's release of any claims under the Age Discrimination in Employment Act ("ADEA"). Specifically, the Older Workers Benefit Protection Act ("OWBPA") requires that, to validly release an ADEA claim, an employer provide an employee with twenty-one days to review the agreement and seven days following the execution of the agreement to revoke the agreement. See 29 U.S.C. § 626(f)(1). However, the revocation provision applies only to age discrimination claims and only when an employee has actually executed the agreement – neither of which apply in this case.

In Dinwiddie v. Waste Management, an employee had sued his employer for race discrimination, retaliation, and various state law claims. No. 1:11-cv-01874, 2012 U.S. Dist. LEXIS 171315, *1 (E.D. Cal. Dec. 3, 2012).[5] During a mediation, the employee reached a settlement agreement whereby, in exchange for a payment of $15,000, the employee agreed to release all claims against his employer. Id. at *5. Six days later, the employee attempted to revoke the settlement pursuant to the OWBPA. Id. at *6. The employer moved to enforce the

---

[5] Merrill Lynch was unable to locate any direct authority within the Third Circuit and, therefore, provides this Eastern District of California case as persuasive authority for the Court to consider.

3

settlement and argued that the employee could not revoke the agreement pursuant to the OWBPA. Id. at *9.

The Eastern District of California held that the parties' initial settlement was binding and enforceable and that the employee could not revoke the settlement pursuant to the OWBPA. Id. at *12. The court reasoned that, on its face, the revocation requirement of the OWBPA applied only to ADEA claims and did not provide any rights or relief to any other claims. Id. at *10. Moreover, the court noted that the employee had not asserted any age claims and any age claims he could have asserted were otherwise time-barred. Id. at *11.

Just as in Dinwiddie, Zong has not asserted any age discrimination claims either in the instant proceeding or before any federal or state agency. Moreover, more than 300 days have passed since Zong resigned from Merrill Lynch. See 29 U.S.C. § 626(d)(2). Therefore, even to the extent Zong wanted to pursue an age discrimination claim, such claim would be time-barred. Thus, Zong's exercise of a right to revocation in a written agreement – that he did not sign – would only revive an age discrimination claim - - a claim he never asserted and cannot now assert. Accordingly, Zong cannot revoke the binding June 23, 2014 settlement.

## III. CONCLUSION

On June 23, 2014, Zong voluntarily entered into a settlement and stated on the record that he understood it. His attempt to now negotiate a new settlement is utterly futile – a valid and binding settlement already exists.[6] Merrill Lynch is entitled to the benefit of the bargain reached on June 23, 2014.

---

[6] Importantly, Merrill Lynch has no further interest in engaging in settlement discussions in this case and, unless ordered by the Court, will not agree to participate in any future settlement conference.

Accordingly, Merrill Lynch respectfully requests that the Court grant its *Motion* and enforce the June 23, 2014 settlement.

Dated: July 15, 2014                                    Respectfully submitted,


                                                        /s/ Karen P. Gaster
                                                        Karen P. Gaster, Esquire (PA ID No. 90988)
                                                        Michael P. Avila, Esquire (PA ID No. 311348)
                                                        RUBIN, FORTUNATO & HARBISON P.C.
                                                        10 South Leopard Road, Paoli, PA  19301
                                                        Tel. (610) 408-2017/2035
                                                        Attorneys for Defendant

## CERTIFICATE OF SERVICE

I, Karen P. Gaster, Esquire, hereby certify that a true and correct copy of the foregoing *Reply Brief in Support of Its Motion to Enforce Settlement* was served via electronic mail and First Class Mail as follows:

Raymond Zong
1355 Gwynedale Way
Landsdale, PA 19446
csup2011@gmail.com

*Pro Se Plaintiff*

Dated: July 15, 2014              /s/ Karen P. Gaster
                                   Karen P. Gaster, Esq.

# EXHIBIT "A"

EEOC FORM 131 (11/09)

## U.S. Equal Employment Opportunity Commission

| | |
|---|---|
| Advice Counsel<br>Agency Charges<br>BANK OF AMERICA CORPORATION<br>NC1-026-02-50<br>900 West Trade Street, 2nd Floor<br>Charlotte, NC 28255 | **PERSON FILING CHARGE**<br><br>Raymond M. Zong<br><br>THIS PERSON (check one or both)<br>[X] Claims To Be Aggrieved<br>[ ] Is Filing on Behalf of Other(s)<br><br>EEOC CHARGE NO.<br>530-2012-02503 |

### NOTICE OF CHARGE OF DISCRIMINATION
*(See the enclosed for additional information)*

This is notice that a charge of employment discrimination has been filed against your organization under:

[X] Title VII of the Civil Rights Act (Title VII)   [ ] The Equal Pay Act (EPA)   [ ] The Americans with Disabilities Act (ADA)

[ ] The Age Discrimination in Employment Act (ADEA)   [ ] The Genetic Information Nondiscrimination Act (GINA)

The boxes checked below apply to our handling of this charge:

1. [ ] No action is required by you at this time.

2. [ ] Please call the EEOC Representative listed below concerning the further handling of this charge.

3. [X] Please provide by **25-FEB-13** a statement of your position on the issues covered by this charge, with copies of any supporting documentation to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

4. [X] Please respond fully by **25-FEB-13** to the enclosed request for information and send your response to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

5. [X] EEOC has a Mediation program that gives parties an opportunity to resolve the issues of a charge without extensive investigation or expenditure of resources. If you would like to participate, please say so on the enclosed form and respond by **04-FEB-13** to   **Stephanie Marino, ADR Coordinator, at (215) 440-2819**
If you DO NOT wish to try Mediation, you must respond to any request(s) made above by the date(s) specified there.

For further inquiry on this matter, please use the charge number shown above. Your position statement, your response to our request for information, or any inquiry you may have should be directed to:

| | |
|---|---|
| Frances Watson,<br>Supervisory Investigator<br>*EEOC Representative*<br><br>Telephone   (215) 440-2649 | Philadelphia District Office<br>801 Market Street<br>Suite 1300<br>Philadelphia, PA 19107<br>Fax: (215) 440-2604 |

Enclosure(s): [X] Copy of Charge

**CIRCUMSTANCES OF ALLEGED DISCRIMINATION**

[ ] Race [ ] Color [ ] Sex [ ] Religion [ ] National Origin [ ] Age [ ] Disability [X] Retaliation [ ] Genetic Information [ ] Other

See enclosed copy of charge of discrimination.

| Date | Name / Title of Authorized Official | Signature |
|---|---|---|
| January 24, 2013 | Spencer H. Lewis, Jr.,<br>District Director | *[signature]* |

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>530-2012-02503 |
|---|---|---|

Pennsylvania Human Relations Commission                                and EEOC
*State or local Agency, if any*

**Name** (Indicate Mr., Ms., Mrs.): Mr. Raymond M. Zong
**Home Phone** (Incl. Area Code): (215) 285-0003
**Date of Birth**: 11-04-1965

**Street Address**: 1355 Gwynedale Way, Lansdale, PA 19446

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

**Name**: MERRILL LYNCH
**No. Employees, Members**: 500 or More
**Phone No.** (Include Area Code):

**Street Address**: 8380 Old York Road, Suite 400, Elkins Park, PA 19027

DISCRIMINATION BASED ON (Check appropriate box(es).):
☐ RACE   ☐ COLOR   ☐ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN
☒ RETALIATION   ☐ AGE   ☐ DISABILITY   ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 05-18-2012   Latest: 05-18-2012
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I was hired by Merrill Lynch (d/b/a Bank of America) (hereinafter "Respondent") on or about August 18, 2006, as a Financial Advisor. I was later promoted to the position of Senior Financial Advisor. I was later awarded the International Financial Advisor title after successful completion of Respondent's comprehensive requirements.

On or about February 15, 2012, I filed a charge of discrimination (Charge # 530-2012-01276) alleging discrimination based on my race (Asian) and national origin (Chinese). After filing this charge I believe Respondent's treatment toward me worsened. By way of example, my repeated requests for transfer out of the Philadelphia complex were denied. In or about March 2012, I was finally moved to another branch; yet it is my belief that Respondents were retaliating against me for having filed the aforementioned charge. I was moved into an office where my computer and person were directly under a camera and the office was filthy. I had to ask several times if I could be moved as fellow associates were not placed under such scrutiny.

In or about March 2012, I was told by Scott Blanche, Branch Manager, to meet with Bob Bowman, Philadelphia Complex Director, on or about April 2, 2012. On or about April 2, 2012, I met with Mr. Bowman; during this meeting Drew Hoffman, Senior Vice President of Human Resources, was also in attendance. Mr. Blanche failed to advise me that Mr. Hoffman would be in attendance. In this meeting I was told by both Mr. Hoffman and Mr. Bowman that I should seek employment outside of Bank of America. I was not provided a reason by Respondent for this statement. I asked both Mr. Bowman and Mr. Hoffman what will happen to my previously filed charge to which they both denied having knowledge that I filed. I believe I had no choice but to resign and on or about May 18, 2012, I presented Respondent with my formal resignation. It should be noted that in my resignation I addressed the handling of my retirement (deferred compensation).

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Jan 17, 2013
Date / Charging Party Signature

NOTARY – When necessary for State and Local Agency Requirements:

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>530-2012-02503 |
|---|---|---|

__Pennsylvania Human Relations Commission__ and EEOC
*State or local Agency, if any*

**THE PARTICULARS ARE** *(If additional paper is needed, attach extra sheet(s)):*

I discovered several months after resigning that some funds disappeared from my account statement. I called Respondent to inquire about said funds and I was told that a check was cut for me; to date this has not been received. I was also told by the customer service representative that she would investigate and get back to me regarding the status. To date I have not received word on the status of funds owed to me.

Therefore I believe that, in violation of Title VII of the Civil Rights Act of 1964, as amended I was retaliated against for filing a charge of discrimination and constructively discharged from my employment with Respondent.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Jan 17, 2013
Date                              Charging Party Signature

NOTARY – *When necessary for State and Local Agency Requirements*

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)

2013 JAN 17 A [PHILADELPHIA]

EEOC FORM 131 (11/09)

## U.S. Equal Employment Opportunity Commission

| | |
|---|---|
| Bank of America Corporation<br>Advice Counsel - Agency Charges<br>NC1-026-02-50<br>900 W. Trade Street, 2nd Floor<br>Charlotte, NC 28255 | **PERSON FILING CHARGE**<br><br>Raymond M. Zong<br><br>THIS PERSON *(check one or both)*<br>[X] Claims To Be Aggrieved<br>[ ] Is Filing on Behalf of Other(s)<br><br>**EEOC CHARGE NO.**<br>530-2012-01276 |

### NOTICE OF CHARGE OF DISCRIMINATION
*(See the enclosed for additional information)*

This is notice that a charge of employment discrimination has been filed against your organization under:

[X] Title VII of the Civil Rights Act (Title VII)    [ ] The Equal Pay Act (EPA)    [ ] The Americans with Disabilities Act (ADA)

[ ] The Age Discrimination in Employment Act (ADEA)    [ ] The Genetic Information Nondiscrimination Act (GINA)

The boxes checked below apply to our handling of this charge:

1. [ ] No action is required by you at this time.

2. [ ] Please call the EEOC Representative listed below concerning the further handling of this charge.

3. [X] Please provide by 04-MAY-12 a statement of your position on the issues covered by this charge, with copies of any supporting documentation to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

4. [X] Please respond fully by 04-MAY-12 to the enclosed request for information and send your response to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

5. [X] EEOC has a Mediation program that gives parties an opportunity to resolve the issues of a charge without extensive investigation or expenditure of resources. If you would like to participate, please say so on the enclosed form and respond by    16 APR-12
to    Stephanie Marino, ADR Coordinator, at (215) 440-2819
If you DO NOT wish to try Mediation, you must respond to any request(s) made above by the date(s) specified there.

For further inquiry on this matter, please use the charge number shown above. Your position statement, your response to our request for information, or any inquiry you may have should be directed to:

| | |
|---|---|
| Kurt Jung,<br>Supervisory Investigator<br>*EEOC Representative*<br><br>Telephone    (215) 440-2617 | Philadelphia District Office<br>801 Market Street<br>Suite 1300<br>Philadelphia, PA 19107<br>Fax: (215) 440-2604 |

Enclosure(s): [X] Copy of Charge

**CIRCUMSTANCES OF ALLEGED DISCRIMINATION**

[X] Race   [ ] Color   [ ] Sex   [ ] Religion   [X] National Origin   [ ] Age   [ ] Disability   [X] Retaliation   [ ] Genetic Information   [ ] Other

See enclosed copy of charge of discrimination.

| Date | Name / Title of Authorized Official | Signature |
|---|---|---|
| April 6, 2012 | Spencer H. Lewis, Jr.,<br>District Director | *[signed]* |

Revised 11/08

## Information For Complainants & Election Option
## To Dual File With The
## Pennsylvania Human Relations Commission

RAYMOND ZONG vs MERRIL LYNCH

EEOC No. 530-2012-01276

RECEIVED PHILADELPHIA, D.O.
12 FEB 14 AM 11:51

You have the right to file this charge of discrimination with the Pennsylvania Human Relations Commission ("PHRC") under the Pennsylvania Human Relations Act. Filing your charge with the PHRC protects your state rights, especially since there may be circumstances in which state and federal laws and procedures vary in manner which could affect the outcome of your case.

Complaints filed with PHRC must be filed within 180 days of the act(s) which you believe are unlawful discrimination. If PHRC determines that your PHRC complaint is untimely, it will be dismissed.

If you want your charged files with PHRC, including this form as part of your EEOC charge, with your signature under the verification below, will constitute filing with PHRC. You have chosen EEOC to investigate your complaint, so PHRC will not investigate it and, in most cases, will accept EEOC's finding. If you disagree with PHRC's adoption of EEOC's finding, you will have the chance to file a request for preliminary hearing with PHRC

Since you have chosen to file you charge first with EEOC, making it the primary investigatory agency, the Respondent will not be required to file an answer with PHRC, and no other action with PHRC is required by either party, unless/until otherwise notified by PHRC.

If your case is still pending with PHRC after one year of filing with PHRC, you have the right to file your complaint in state court. PHRC will inform you of these rights and obligations at that time.

[Sign and date appropriate request below]

I want my charge filed with PHRC. I hereby incorporate this form and the verification below into the attached EEOC complaint form and file it as my PHRC complaint. I request EEOC to transmit it to PHRC.

*I understand that false statements in this complaint are made subject to the penalties of 18 Pa. C.S. §4909, relating to unsworn falsification to authorities.*

[signature]  02/15/12
Signature and Date

*I do not want my charge dual filed with PHRC.*

_____
Signature and Date

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | [ ] FEPA  [X] EEOC | 530-2012-01276 |

Pennsylvania Human Relations Commission                                            and EEOC
_State or local Agency, if any_

| Name (Indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Mr. Raymond M. Zong | (215) 855-7204 | 11-04-1965 |

Street Address: 1355 Gwnedale Way, Lansdale, PA 19446

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| MERRILL LYNCH | 500 or More | (484) 530-5300 |

Street Address: 470 Norristown Road Suite 101, Blue Bell, PA 19422

DISCRIMINATION BASED ON (Check appropriate box(es).)
[X] RACE  [ ] COLOR  [ ] SEX  [ ] RELIGION  [X] NATIONAL ORIGIN
[X] RETALIATION  [ ] AGE  [ ] DISABILITY  [ ] GENETIC INFORMATION
[ ] OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 05-05-2011   Latest: 01-25-2012
[ ] CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I.  I was hired by Respondent as a Financial Advisor in August 2006. As of August 2010, my current position is International Financial Advisor. My national origin is Chinese – my native language is Mandarin Chinese, and my race is Asian. I am the only Asian International Financial Advisor at this location.

II. Since the start of my assignment as an International Financial Advisor (IFA) at the Blue Bell (PA) Complex, I have been treated in a discriminatory and adverse manner. On or about May 5, 2011, I received an email from Elizabeth Whittaker ("Whittaker")(White, American), Complex Compliance Manager, stating "firms emails must be...in English" – most of my clients are Chinese-speaking. As I know there is a Financial Advisor (FA) who speaks Russian. I asked if this applied to all Financial Advisors who speak languages other than English. A copy of policy was not provided and no others were notified of this rule. On or about May 11, 2011, while I was attending a telephone conference in Mandarin with a Chinese business prospect, a co-worker, "Tina" (White, American), Client Associate, overheard my conversation and said "Don't speak Chinese". This incident was reported to Ted Durkin (White, American), Managing Director and Paul Mullen (White, American), Resident Director. This incident was denied by Tina to Human Resources. A Chinese client, who I have had a business relationship with for approximately ten years, was removed from my accounts and reassigned to another (non-Chinese/non Asian) FA. The reason I was given, by Paul Mullen was that this account needed to be under "Institutional accounts". Institutional accounts are for clients with $10M and more. This client was less than $10M. Because this was one of my largest clients, the loss of the account had an adverse affect on my overall commission.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Feb 15, 2012
Date / Charging Party Signature

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)

(11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>530-2012-01276 |
|---|---|---|

Pennsylvania Human Relations Commission                                    and EEOC
_State or local Agency, if any_

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

II. Since April 2011 to present, I have requested a transfer to another complex on more than on occasion – my requests for transfer have been denied. I have reported these incidents to Andrea Smith (race/nat. orig. unknown), Global Head of Human Resources – to no avail. I believe the client reassignment and the lack of response to my transfer request is in retaliation for my complaints to human resources.

III. I believe I have been discriminated against because of race (Asian) and national origin (Chinese), in violation of Title VII of the Civil Rights Act of 1964 (Title VII), as amended. I believe I have been treated in discriminatory manner, and have received adverse treatment in the terms and conditions of my employment.

RECEIVED - EEOC
PHILADELPHIA.D.O.
12 FEB 14 AM 11: 57

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct.<br><br>Feb 15, 2012         [signature]<br>Date                   Charging Party Signature | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(month, day, year) |